**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENOS PATRICK, | No. 23-15849 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:23-cv-00004-DKW-KJM |
| TRIDENT SEAFOODS CORPORATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted October 8, 2024[**]
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

Plaintiff Jenos Patrick, a former employee of Trident Seafoods Corporation

("Trident"), timely appeals the district court's dismissal of his maritime claims

against Trident, several unnamed individuals and entities, and a vessel

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

(collectively, "Defendants").  We vacate the dismissal and remand to the district court for consideration of Trident's alternative request for transfer.

Trident filed a motion before the district court seeking either dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(6) or transfer to the Seattle Division of the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404.  Trident asserted that Plaintiff's claims arise out of his employment relationship with Trident and that Plaintiff and Trident agreed to a valid forum selection clause that required Plaintiff to bring any claims in courts, federal or state, located in King County, Washington.  The district court granted dismissal without considering Trident's alternative request to transfer the case.

We assume, without deciding, that a dismissal pursuant to Rule 12(b)(6) is a permissible mechanism for enforcing a forum selection clause.  Nonetheless, in the circumstances here, the court abused its discretion by failing to consider transfer. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (holding that we review for abuse of discretion the denial of a motion to transfer under 28 U.S.C. § 1404(a)); Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964))).  The district court dismissed the case without prejudice for "re-filing in

2

an appropriate jurisdiction," implying that dismissal had no effect on Plaintiff's ability to re-file and that the court intended for Plaintiff to have that opportunity. But because the employment contract requires Plaintiff to bring all actions for recovery of wages against Defendants within six months, it would appear that Plaintiff can no longer re-file in Washington. In other words, dismissal appears to prevent Plaintiff from bringing his wage claims in the proper venue. By contrast, transfer would simply move Plaintiff's timely claims to a proper venue. On remand, the district court shall consider Trident's alternative request for transfer.

**VACATED and REMANDED with instructions. The parties shall bear their own costs on appeal.**